United States District Court
Southern District of Texas
**FILED**

NOV 09 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CASE NO. 7:21-CR-01772-12 |
| JOSE DIAZ | § | |

**O R D E R**

A detention hearing in accordance with 18 U.S.C. § 3142(f) was held on October 28, 2021. The undersigned also held a hearing on November 8, 2021, on the issue of setting bond. Here, Defendant has been charged by indictment under Title 21 U.S.C. §§ 846 and 841 for possession with the intent to distribute narcotics and conspiring to do so. (Dkt. No. 1). Since there is probable cause to believe that Defendant has committed these offenses, there is a rebuttable presumption that Defendant is both a flight risk and a danger to the community. If Defendant successfully rebuts both presumptions, then it is the Government's burden to prove either (1) there is a preponderance of the evidence that Defendant is a flight risk, or (2) there is clear and convincing evidence that Defendant is a danger to the community.

In evaluating whether there are conditions of release that will reasonably assure the appearance of the defendant at trial and the safety of others and the community, the Court must consider the factors laid out by 18 U.S.C. § 3142(g). These factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and (B) whether at the time of the current offense or arrest the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. (*Id.*).

As set out in the Pretrial Report (Dkt. No. 237), Defendant Jose Diaz is a forty-three-year-old naturalized United States citizen, born in Matamoros, Tamaulipas, Mexico. Defendant lived in Monterrery, Nuevo Leon, Mexico, the first 18 years of his life, before relocating to the Austin, Texas area. Consequently, Defendant has resided in the Austin, Texas, area for about 25 years and became a naturalized U.S. citizen in 2007. Defendant's mother, sister, and grandmother reside in Mexico. Defendant's wife resides in the United States under the Deferred Action for Childhood Arrivals (DACA). Defendant's two children are United States citizens and reside in Austin, Texas. Further, one of Defendant's two children is from a prior relationship, which Defendant still financially supports and shares joint custody. It appears that this child lives with his mother—not Defendant, in Austin, Texas.

Defendant's Pretrial Report indicates significant assets in the United States, which amounts to approximately one million dollars. The Pretrial Report indicates that Defendant's annual income is over $200,000 from his business for 2018, 2019, and 2020. However, this information, taken from Defendant's federal tax returns, appears to be gross income and not net income. Consequently, Defendant's actual income is substantially less than what is indicated in the Pretrial Report. Of further note, after his arrest in the instant case, Defendant, with the assistance of his wife, transferred about $479,000 into an account for his children for educational purposes. The timing and the amount of this transaction is arguably suspicious and concerning.

Page **2** of **6**

Regarding his criminal history, Defendant has been in the United States for about 25 years and has no criminal convictions. In Count 7 of the underlying amended indictment, on or about February 9, 2021, Defendant was allegedly involved in the possession with the intent to distribute about 6 kilograms of cocaine. At the detention hearing, the Government represented that this cocaine was seized near Falfurrias, Texas, on the aforementioned date and Defendant's role was to receive it and facilitate getting the cocaine to its final destination. Later, on February 24, 2024, Defendant was arrested in Bastrop, Texas, with about 600 pounds of marijuana. That seizure involved the marijuana being discovered in Defendant's personal vehicle, which he was driving. It appears that Defendant was released on bond on the state level on the day of his arrest. It is uncontested that the state of Texas is dismissing the pending case out of Bastrop, Texas.

Further, at the detention hearing, the Government proffered that Defendant has five crossings into Mexico over the last two years, and that Defendant's last crossing was a few days after the February 9th cocaine seizure near Falfurrias, Texas. The Government also emphasizes that there is evidence Defendant was involved in two drug trafficking offenses in February 2021. Considering Defendant's family ties to Mexico, Defendant's five crossings do not appear excessive to the undersigned. While Defendant's crossing into Mexico after the February 9th cocaine seizure is of some concern, there is no evidence that he fled to Mexico as a result of the seizure. In fact, Defendant's stay in Mexico was relatively short because he was arrested in Bastrop, Texas, shortly thereafter, on February 24, 2021. Notably, in the state case, Defendant was released on bond. From February 24, 2021, to September 15, 2021, there is no indication that (1) Defendant crossed into Mexico; (2) Defendant was involved in other drug trafficking offenses; and (3) Defendant violated any conditions of the bond in the state case.

The Pretrial Services Reports from both the Austin and McAllen Divisions are recommending bond. However, the Court finds that some of the facts in those reports were not accurate and some parts of Defendant's personal and financial background needed further development or clarification.

Based on the factual findings above, the parties' proffers at the hearing, and the Bail Reform Act, the undersigned finds that Defendant has rebutted both the presumption of flight risk and the presumption of danger to the community. While, the undersigned is concerned with Defendant's strong ties to Mexico and the evidence of Defendant's alleged involvement in two separate incidences of drug trafficking, the undersigned finds that there are conditions of release that would minimize any risk of flight or danger to the community relating to Defendant. As such, the undersigned hereby releases Defendant on bond in lieu of detention. IT IS ORDERED that bond for Defendant be set at $250,000.00, to be secured by $100,000.00 cash deposit into the Court's registry, along with land owned by Defendant. Defendant cannot sell or allow any liens to be placed on the property without the Court's permission. The Court will require that Defendant's spouse sign as a co-surety. The Court will have to approve where Defendant will reside while out on bond. The Court will also require the following conditions of release.

1. Defendant must not violate federal state, or local law while on bond.
2. The Court must approve where Defendant will reside while out on bond.
3. Pretrial Supervision will be in the Austin Division, Western District of Texas.
4. Defendant should maintain or actively seek employment, or he should resume or commence an educational program. If receiving disability benefits, Defendant must provide proof to the U.S. Probation Office.
5. Defendant cannot obtain a passport, or he must surrender his current passport, whichever is applicable.

6. Defendant's travel is restricted to the Western District of Texas, Austin Division with permission to travel to the Southern District of Texas, McAllen Division for court appearances and attorney meetings. Any outside travel must to be pre-approved by the Court.

7. Defendant must avoid all contact with any co-defendants, victims, or potential witnesses.

8. Defendant must refrain from possessing a firearm, destructive device, or any other dangerous weapons.

9. Defendant must refrain from any excessive use of alcohol.

10. Defendant must refrain from the use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner.

11. Defendant must submit to any drug testing as directed by the U.S. Probation Office.

12. Defendant must participate in an electronic monitoring program as directed by the U.S. Probation Office and pay costs associated with such monitoring based on the ability to pay as determined by the U.S. Probation Office. To include:

    a. **Home Detention.** Defendant is restricted to his residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the U.S. Probation Office; and

    b. **Active GPS monitoring.**

13. Defendant must report within 72 hours to the pretrial services office or supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning or stop.

14. Defendant must comply with court obligations in Bastrop County, Texas.

**This is the least restrictive combination of conditions that will reasonably assure the appearance of Defendant and the safety of the community,** as required by 18 U.S.C. § 3142(c)(1)(B). Defendant is hereby instructed to comply with all terms and conditions set forth in the Court's order of release. Any violations of those terms and conditions will result in the

punishments outlined in the order of release.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this the 9th day of November 2021.

_____
J. SCOTT HACKER
United States Magistrate Judge