UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | CAUSE NO.   7:21-cr-1772-12 |
| JOSE DIAZ | § | |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S APPEAL OF THE MAGISTRATE'S ORDER OF RELEASE

TO THE HONORABLE RANDY CRANE, DISTRICT JUDGE:

Comes now Defendant, JOSE DIAZ, by and through the undersigned attorney, Reynaldo M. Merino, and hereby replies to the Government's Appeal to the District Court of the Magistrate's Order of Release and Motion For A Stay of the Magistrate's Order of Release (Dkt #260).

In its appeal, the Government first outlines its perspective on the weight of the evidence with a "Statement of the Case" that proffers evidence of the defendant's involvement in a cocaine case (Count 7, the defendant's sole substantive count) and a State marihuana case. The defendant generally agrees with the proffer, but would clarify as follows:

(1)   By proffer at the detention hearing and based on the Government's appeal, the defendant is accused of agreeing to receive 5-6 kilos of cocaine that were intercepted by law enforcement and not received by the defendant.

(2)   In regard to the State Marihuana case, it has been dismissed. Attached

        hereto for all intents and purposes is a copy of the Order of Dismissal from Bastrop County. See Exhibit #1.

(3)     The Government's statement that "in essence, Jose Diaz negotiated to receive the marihuana from South Texas" was not proffered or previously disclosed and appears to be conjecture.

(4)     The Defendant was released on bond on the Bastrop County case in February 2021 and had no issues while on bond.

On appeal, the Government also discusses the "Pretrial Services Report" and highlights its concern with the $479,000 education fund. To clarify, it has been proffered that these funds are open and accessible, and the defendant (with help from his spouse) diligently disclosed whatever information was requested by U.S. Pretrial Services in regard to the Defendant's financial ability. To be clear, those funds were not placed into an inaccessible trust account, deposited under a straw man's name, or otherwise secreted away. Additionally, U.S. Pretrial Services determined that the source of the funds used for the "education fund" and the source of the funds used to purchase the Defendant's land, are the documented proceeds from the sale of his business and business assets.

    IN SUM, the Government's arguments here on appeal are essentially the same arguments previously made in the Magistrate Court proceedings. These arguments were carefully addressed and considered by the Hon. U.S. Magistrate Hacker. It should also be noted that Judge Hacker's consideration in this matter began with the detention hearing on October 28th, after which he took the matter under advisement and tasked U.S. Pretrial

Services to address his concerns. The detention hearing then resumed on November 8th after which Judge Hacker pronounced his ruling. The Court then issued a written 6 page order on November 9th stating the Court's findings and conclusions in favor of bond.

Wherefore, the Defendant prays that after notice and hearing, the Court will AFFIRM the Order (of release) issued by U.S. Magistrate Hacker, and that the Government's Appeal and Motion To Stay be in all things denied.

Respectfully submitted,

LAW OFFICE OF
REYNALDO M. MERINO
1012 Martin Ave, Suite B
McAllen, TX 78504-2874
Tel: (956) 630-2000 Fax: (956) 618-2800
Email: reymerino@msn.com

By: */s/ Reynaldo M. Merino*
    Reynaldo M. Merino
    State Bar No. 13953250

## CERTIFICATE OF SERVICE

I hereby certify that on the November 9, 2021, the foregoing Defendant's Reply to Government Appeal was delivered to Patricia Cook Profit, Assistant U.S. Attorney, McAllen, Texas via pat.profit@doj.gov.

*/s/ Reynaldo M. Merino*
Reynaldo M. Merino